266 F.2d 767
 AMBERSON INVESTMENT CORPORATION, Appellant,
v.
Thomas J. FITZGERALD, Trustee in Bankruptcy, Appellee.
Matter of the copartnership of DENCOLO MANUFACTURING COMPANY, composed of Robert Schweiger and Elisabeth Josephine Schweiger, Bankrupt.
 No. 6032.
 United States Court of Appeals Tenth Circuit.
 May 4, 1959.
 
 David Rosner, Denver, Colo., for appellant.
 Herbert W. DeLaney, Jr., Denver, Colo., for appellee.
 Before MURRAH, LEWIS and BREITENSTEIN, Circuit Judges.
 LEWIS, Circuit Judge.
 
 
 1
 In Bankruptcy from the District of Colorado. On January 9, 1956, the appellant Amberson Investment Corporation made a bona fide loan of $15,000 to the Dencolo Manufacturing Company, now bankrupt. The loan was evidenced by a promissory note of even date which provided for monthly installment payments of which the last was due on February 9, 1957. The indebtedness was secured by a chattel mortgage on certain machinery owned by the borrower and which remained in the possession of the borrower at all times pertinent to present inquiry. The mortgage was duly recorded in compliance with applicable Colorado statutes, Sec. 20-1-1 et seq., Colorado Revised Statutes, 1953, the debt being described thus:
 
 
 2
 "* * * Provided, nevertheless, That if the said party of the first part (the bankrupt) shall pay to the party of the second part (Amberson Investment Corporation) * * * for the redemption of the above bargained goods and chattels, the sum of $15,000.00, evidenced by its promissory note given by the said party of the first part to the said party of the second part, being of even date herewith, and bearing interest according to the tenor and effect of said promissory note, and payable according to the terms of that certain note dated January 9, 1956, after the date hereof, then these presents to be void, otherwise to remain in full force and effect * * *."
 
 
 3
 On June 6, 1957, the Dencolo Manufacturing Company was adjudicated a bankrupt. On July 18, 1957, in attempted compliance with Sec. 20-1-13, Rev.Colo.Stat.1953,[1] appellant recorded an extension statement, reciting the then balance due to be $7,862.55 and fixing the extended date of payment at December 31, 1958. The single question presented from these agreed facts is whether or not, under Colorado law, appellant's recordation of the extension statement subordinated to the mortgage lien the statutory lien of the appellee Trustee provided for in Section 70, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c:
 
 
 4
 "* * * The trustee, as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists."
 
 
 5
 Both the referee and the District Court held that appellant's mortgage lien was void as to the Trustee.
 
 
 6
 Appellant effectively points out, in urging that the lien of the chattel mortgage should be superior to the trustee's lien, that its claim was bona fide, was antecedent to the bankruptcy, and was extended within six months from the maturity date of the last installment of the secured indebtedness as literally required by Sec. 20-1-13, Rev.Stat.Colo., 1953, supra. And certain it is that in most jurisdictions the recordation of a chattel mortgage containing a general description of the indebtedness, as here, is sufficient to put third persons on such notice as to require inquiry as to the particular of the encumbrance and the indebtedness secured. See 14 C.J.S. Chattel Mortgages §§ 72, 73, pp. 685-686, and cases cited therein. But appellee, with equal effectiveness points out that such is not the law of Colorado for in that jurisdiction it is necessary to recite in the mortgage the maturity date of the debt in order to effectuate constructive notice to third parties beyond a period of six months from the execution date of the mortgage.
 
 
 7
 In Metropolitan State Bank v. Wright, 72 Colo. 106, 209 P. 804, 807, the controversy was between the bank as a levying judgment creditor and Wright as the holder of a chattel mortgage upon the levied property. The note and mortgage were dated June 7, the debt maturing four months thereafter. The mortgage did not recite the due date of the debt. The bank levied upon the property on October 1. The Colorado court, in upholding the bank's claim, noted that a debt incurred without a specific due date is due upon demand and held that third parties may safely presume the application of such rule where a recorded chattel mortgage does not recite a due date for the subject debt. Said that Court:
 
 
 8
 "Our chattel mortgage act in force at the time this mortgage was given is found in the Session Laws of 1917, p. 126. No provision thereof expressly requires that the date of the mortgage debt shall be given in the mortgage, but in sections 3, 7, 10 and 11 of the act there are certain provisions for the extension of a mortgage, continuing the lien thereof so long as any portion of the mortgage debt remains unpaid, and there is a classification of mortgages depending upon the amount thereof and the time that they run, and other similar provisions, all of which indicate, and are upon the assumption, that the maturity of the mortgage debt should be set forth in the mortgage; otherwise there would be no data therein for giving effect to these various provisions of our statute. So that it would appear that there are strong grounds for holding that a mortgage, in describing the mortgage debt, should give the date of its maturity."[2]
 
 
 9
 Appellant contends that the Metropolitan State Bank case is not applicable because that opinion calls attention to "suspicious circumstances" surrounding the execution of the Wright note in contrast to the admitted bona fides of appellant's loan. We cannot find such a distinction in the Colorado rule. Indeed the logic of its premise lies in the fact that a recital of a due date in a recorded mortgage is preventive of fraud upon third persons not merely a bar when fraud is discovered.
 
 
 10
 The judgment is affirmed.
 
 
 
 Notes:
 
 
 [1]
 "The lien of any chattel mortgage filed or recorded as provided by this article may be extended at any time within six months after maturity of the last installment of the indebtedness secured thereby. * * *"
 
 
 [2]
 The Colorado statute then in effect provided for the recordation of extension recitals within 30 days after maturity of the last installment of indebtedness. The period is now six months. See note 1, supra